UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JULIUS JARAMAL WILLIAMS** | **CIVIL ACTION NO. 2:11-cv-00087** |
| **VERSUS** | **SECTION "P"** |
| | **JUDGE MINALDI** |
| **TERRY TERRELL, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on January 3, 2011, by Julius Jaramal Williams. Doc. 1. Plaintiff is in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana. Plaintiff's complaint is that, while incarcerated at ACC, he was subjected to cruel and unusual punishment due to the decision denying him the opportunity to attend his mother's funeral. Doc. 1, p. 3. As relief, plaintiff seeks $5,000,000 in damages for the pain, suffering, and mental anguish caused by missing his mother's funeral. Doc. 1, p. 4. Plaintiff names ACC Wardens Terry Terrell and Anthony Allemand and ACC Chaplain March as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff's mother died on February 18, 2010. Doc. 1, p. 3. At that time, plaintiff was in administrative segregation. *Id*. He spoke with Chaplin March about going to the funeral. *Id*. March informed him that, according to the warden, he could not attend the funeral as he had not gone ninety days without a write up. *Id*. Plaintiff sent a request to Warden Terrell but it was

unanswered. *Id*.

Plaintiff next asked defendant Allemand if he would be able to attend the funeral. Allemand told him that as he was on lockdown, and that he could not go. *Id*. In addition, Allemand told plaintiff that the ninety-day rule was a DOC policy. *Id*. Plaintiff states that he asked for a copy of the policy but was never given it. *Id*.

Plaintiff contends that he was not shown sympathy in regard to his mother's death and that he suffers every day because he was not allowed to attend her funeral. Doc. 1, p. 4.

## LAW AND ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991).

A district court should be able to dismiss as frivolous a significant number of prisoner suits on the basis of a complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D. Tex. 1996).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Plaintiff's complaint, while brief, sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## **FAILURE TO STATE A CLAIM**

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that he was denied the opportunity to leave prison to attend his mother's funeral. Doc. 1, p. 3. That allegation does not state a claim actionable pursuant to 42 U.S.C. § 1983, which "is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

A prisoner simply has no federal statutory or constitutional right to attend a relative's

funeral.[2]  The granting of any such "temporary release" is within the discretion of the secretary of the Department of Public Safety and Corrections.  More specifically, La. R.S. 15:833, states in pertinent part:

> **§ 833-Inmate contact with persons outside institution; temporary release**
>
> A.    The secretary of the Department of Public Safety and Corrections may authorize the temporary release of an inmate only for . . . death of a family member . . . .

As the above statute vests discretion with the LDOC as to when a temporary release will be granted, plaintiff cannot claim a protected liberty interest with regard to any such release.  *See Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981).

Moreover, even if such a claim were otherwise cognizable, plaintiff's claim is also barred on other grounds.  In the instant case, plaintiff has suffered no physical injury and the only form of relief he seeks is compensatory damages for "mental anguish."  However, federal law provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Accordingly, his claim is clearly barred on that basis alone.  *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  Plaintiff does not suggest, nor do the claims in his complaint support, that the "cruel and unusual punishment" he claims to have endured resulted in a physical injury; therefore, § 1997e(e) precludes his claim.  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003).

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon

---

[2] The Supreme Court has "consistently refused to recognize more than the most basic liberty interests in prisoners." *Mitchell v. Sheriff Dept.*, 995 F.2d 60, 62-63 (5th Cir. 1993) (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).  It is beyond question that "[l]awful incarceration brings about the necessary withdrawal or limitation of

which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

many privileges and rights." *Mitchell*, supra (citing *Price v. Johnston*, 334 U.S. 266 (1948)).